GEORGE F. DEWEY *v.* UNITED STATES (No. 4086)[1]

United States Court of Customs and Patent Appeals, November 1, 1937

Tompkins & Tompkins (*Allerton deC. Tompkins* of counsel) for appellant.

Joseph R. Jackson, Assistant Attorney General (*Ralph Folks* and *Joseph F. Donohue*, special attorney, of counsel), for the United States.

[1] T. D. 49272.

[Oral argument October 8, 1937, by Mr. Allerton deC. Tompkins and Mr. Folks]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Garrett, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court overruling importer's protest as to the classification of and duty assessment upon certain wooden containers, invoiced as casks, stated to have a capacity of about 500 gallons, imported in 1934 and subject to the provisions of the Tariff Act of 1930.

In the decision of the trial court the following appears:

The president of the importing firm, the business of which is wine producing, was the only witness called on the hearing. He denominated the articles in issue as "wine barrels or casks" and testified that there was a slight bulge in the center of each of them; that they were made of wooden staves 2⅓ inches thick, 5 feet in length; that the width at the bulge was 4 feet 2 inches, and that they were designed and used for storing and ageing wine, although occasionally used for transporting the same. It was stipulated that the containers were imported empty.

It may be added that the staves are held together with metal hoops.

The collector's classification was made under that portion of paragraph 412 of the Tariff Act of 1930, reading:

Par. 412. * * * manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

The claim of the importer is under paragraph 407 of the act, which reads:

Par. 407. Casks, barrels, and hogsheads (empty), sugar-box shooks, and packing boxes (empty), and packing-box shooks, of wood, not specially provided for, 15 per centum ad valorem.

In its decision the trial court said:

The precise issue here involved was presented in the cases of *John V. Carr & Sons* v. *United States* and *Binder Cooperage Co.* v. *United States*, the decisions in which, adverse to the plaintiffs' claims, are reported in Abstracts 32530 and 32675, respectively. The latest expression of the subject, however, is our decision in *Fred Mulhens, Inc.* v. *United States*, T. D. 48323, wherein barrel-shaped wooden containers having a capacity of 160 gallons were held to be excluded from the provision in paragraph 407, *supra*, for casks, barrels, or hogsheads, since their capacity was shown to be in excess of that of the largest of the three classes of containers named as indicated by the definitions of lexicographers

There is nothing in the record before us which would warrant a departure from the rule laid down in those cases. The protest is therefore overruled and the decision of the collector affirmed. Judgment will issue accordingly.

None of the three cases cited, all of which arose under the 1930 tariff act, was appealed to this court, nor has the issue been presented to us in any other proceeding. So, with us the case is one of first impression.

From its decision in the *Mulhens* case, *supra*, which involved wooden containers having a capacity of 160 gallons, it seems clear that the capacity of the container was held controlling. After quoting dictionary definitions of "barrel," "cask," and "hogshead," the court said:

It is evident that of the three barrel-shaped articles covered by these definitions the capacity of the hogshead is the greatest, but the only mention of the capacity of a hogshead that we find given by lexicographers is 63 gallons, and inasmuch as the capacity of each of these articles under consideration appears to be 160 gallons we find ourselves without competent evidence to fit them into any of the classes named in paragraph 407, casks, barrels, or hogsheads.

We have found it necessary, in order fairly to state the trial court's position, to quote from its decision in that case because the court's reasoning there evidently constituted its *ratio decidendi* in the instant case, although not restated in the instant opinion. That is to say, the *capacity* of the containers was, in effect, held controling.

Counsel for the Government argue in support of the reasoning of the court upon the question of capacity, and urge further that the issue is determinable by application of the rule of *noscitur a sociis*. It is asserted in support of the latter contention that all of the articles mentioned in paragraph 407 have in common the characteristic of being used and designed for the transportation of merchandise; that, obviously, this is true of sugar-box shooks, packing boxes, and packing-box shooks; that this is equally true of barrels and hogsheads, and that the articles here at issue are unsuited for transportation and are designed for another purpose.

We have quite carefully considered the reasoning of the trial court and the contentions of Government counsel, but find ourselves unable to agree therewith.

The sounder view, we think, is that contended for by counsel for importer to the effect that the words "Casks, barrels, and hogsheads (empty)," as used in paragraph 407, should be construed according to their common meaning, in the absence of any proof of a commercial meaning differing therefrom.

Our attention has not been directed to any legislation which defines or prescribes any standard size for barrels, casks, or hogsheads designed to contain liquids. Neither do we find any legislation which defines those terms as units of measurement for liquids.

An act of August 3, 1912, c. 273, Sec. 1, 37 Stat. 250 (15 U. S. C. A. § 231) prescribes the physical dimensions of the parts of standard apple barrels and also defines their capacity in cubic inches, but that act recognizes barrels of other size and capacity as legitimate for use when properly marked as to capacity. An act of March 4, 1915, c. 158, Sec. 1, 38 Stat. 1186 (15 U. S. C. A. § 234) provides similarly for barrels for fruits or other dry commodities.

In both the apple barrel and the fruit or other dry commodities statutes penalties are provided for the use in commerce of barrels of lesser capacity when packed with the commodities designated. A standard for lime barrels based upon the quantity contained is fixed by another statute. Act of August 23, 1916, c. 396, Sec. 1, 39 Stat. 530 (15 U. S. C. A. § 237).

No one of these statutes, however, purports to prevent the manufacture or importation of physical containers, in the form of barrels, having dimensions different from those prescribed for use in commerce to carry the particular commodities named. In other words, use of barrels of a defined capacity to carry certain fruits and dry commodities is prescribed by statutes, but, so far as we are advised, no *definition* of the terms barrel, cask, and hogshead as an empty physical entity, which would confine such articles to any particular dimension or size, has ever been laid down by statute.

It is a matter of common knowledge, of which the court may take judicial notice, that there are barrels, casks, and hogsheads designed for various uses which are of widely different sizes and capacities. The dictionary definitions nowhere define an empty physical barrel, cask or hogshead by the dimensions of the staves, heads, and hoops, which compose them. It should not be overlooked that each of the terms is defined by the dictionaries in two ways, one being as the name of a physical article, and the other as a unit of measure. Both parties in their briefs before us quote a number of these respective definitions from different standard dictionaries. From the brief on behalf of the Government we take the following:

Cask is defined as follows:

*Century Dictionary:*

*cask.* 1). A close water-tight vessel, formed like a barrel with staves, headings and hoops, and used for containing liquids or substances which may become liquid; a generic term comprehending the pipe, hogshead, butt, barrel, etc.

2) An irregular measure of capacity. A cask of almonds is 3 hundred weight; a cask of cloves, etc., 300 pounds; a cask of pilchards, 50 gallons. The name is also applied to various foreign measures of capacity, as the Russian *bochka*, the Polish *beczka*, etc.

*Oxford Dictionary:*

*cask.* 1) (a) The general term for a wooden vessel of cylindrical form, usually bulging in the middle and of greater length than breadth, formed of curved staves bound together by hoops, with flat ends or heads; a barrel.

(c) A cask and its contents; hence a measure and its capacity, varying according to place, time and commodity.

*New Standard Dictionary:*

*Cask*—1. A barrel-shaped wooden vessel or receptacle, made of staves, hoops, and flat heads. A cask for liquor or liquids may be larger or smaller than a barrel, and is usually of heavier material.

*Webster's New International Dictionary:*

*Cask.* 1. A barrel-shaped vessel made of staves, headings and hoops, usually closely fitted together so as to hold liquids.

An examination of the dictionary definitions of "barrel" and "hogshead" discloses that those terms also have two general meanings. One definition is of the article. This is given in terms of its form and structure and has no reference to its size, or the quantity which it may hold. The other meaning is that given the word when it is used not as applied to a physical object called by the name, but used as a unit of measure.

We are of the opinion that the terms as used in paragraph 407, *supra,* are used as the *names* of the articles, and that their meaning is to be determined in that light and without reference to the meaning which they may have when used in the other sense.

That the articles at issue here clearly meet the dictionary definitions of cask above quoted (and in each instance they are the primary definitions), when applied in the sense indicated, is obvious, and we think the casks provided for in paragraph 407 are the articles known by that name, and that it was error to take the meaning of the term, when used in the abstract as a unit of measure, and apply it with the result that an article which is a cask, in fact, is held not to be a cask in the sense of the statute.

We do not regard the statute as being in any sense ambiguous. Hence, there is no occasion for resort to the *noscitur a sociis* rule in order to construe it. It requires no construction.

The judgment of the United States Customs Court is *reversed,* and the cause will be *remanded* for proceedings consistent herewith.

### DISSENTING OPINION

BLAND, Judge: I think the judgment of the trial court should be affirmed.

The decision of the majority with which I am not in accord is supported by no authority cited or discussed. The dictionary definitions of the term "cask" cited by the majority are general definitions and are not helpful in deciding the issue at bar. It is my view that we are wholly unjustified in reversing the judgment of the trial court, and especially in view of the fact that in that court the question had been definitely settled by prior decisions. Before the judgment should be reversed, it ought to appear clear to us that the trial court's decision was against the weight of authority or against the common meaning of the term as defined by the lexicographers.

The identical provision "Casks, barrels, and hogsheads" has been in all the tariff acts which I have examined back to and including the tariff act of 1909 and the term "cask" had appeared in prior tariff

acts. It is important to note that in none of the acts is there a general clause such as "and similar articles" following the three named articles. If Congress had intended for tight cooperage like the importation at bar to have been dutiable under paragraph 407, it would have used a general expression broad enough to include many articles produced by our cooperage plants such as kegs, tierces, wooden tubs, tanks, vats, and other articles referred to by the Tariff Commission when in 1929 it supplied Congress with information on the paragraph. A reading of the following quoted portion from the Summary of Tariff Information, 1929, satisfies me that the three articles specifically named were understood to be articles in which merchandise might be shipped or transported and not such containers as ordinarily would be used for storage—such as a vat or tank. Such storage articles are ordinarily, by reason of their size and weight, built in the establishment in which their use is desired. Adequate provision was made in the wood schedule to cover this kind of article. At page 935 of said Summary is found the following:

#### CASKS, BARRELS, HOGSHEADS, EMPTY

DESCRIPTION AND USES.—Casks, barrels, and hogsheads are containers, constructed of staves, with a distinctive bilge and flat ends. Casks are distinguished from barrels in that the staves and heading are thicker, and additional hoops are utilized to provide increased strength. *Hogsheads are so called because of their greater capacity than casks or barrels.* [Italics mine.]

Barrels are of two general types—tight and slack; tight barrels are used as containers for liquids, while slack barrels are used as containers for flour, sugar, cement, fruit, vegetables, and innumerable other dry commodities. Hogsheads are used for containers of tobacco, crockery, and other relatively bulky articles; at one time much molasses was shipped in hogsheads.

The use of casks, barrels, and hogsheads has undergone material changes in the last two decades. The advent of prohibition reduced the demand for containers for shipping wines, liquor, and beer; tank cars now move oil, vinegar, and molasses and other liquid articles that were once handled largely in barrels. Slack cooperage production also has been affected by the substitution of bags for packing cement; sacks for sugar and flour; and boxes or other containers of wood or veneer for apples and other fruits and vegetables.

As is observed from the italicized and quoted language, Congress was told that hogsheads had greater capacity than casks or barrels. It is not claimed that the importation is a hogshead. It seems to me that a hogshead is, in the common acceptance, a larger container than a barrel or a cask and there would be more justification for the court holding that the instant importation was a hogshead than a cask.